IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WENDELL LONG, | : | CIVIL ACTION NO. **1:11-CV-2347** |
| Petitioner | : | (Judge Caldwell) |
| v. | : | (Magistrate Judge Blewitt) |
| PENNSYLVANIA BOARD OF PROBATION AND PAROLE, et al. | : | |
| Respondents | : | |

### REPORT AND RECOMMENDATION

On December 20, 2011, Petitioner Wendell Long, currently an inmate at the State Correctional Institution at Huntington, Pennsylvania ("SCI-Huntington") filed, *pro se*, a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. 1). Petitioner challenges the March 29, 2010 decision of the Pennsylvania Board of Probation and Parole ("the Board") to deny the Petitioner parole. (Doc. 1 at p. 1, ¶ 4.). Petitioner paid the requisite filing fee. (Doc. 1).

In his Petition for Writ of Habeas Corpus, the Petitioner challenges the Board's decision to deny parole because the Board used an "undefined standard" in violation of his right to due process and used post-1996 parole criteria in violation of the *Ex Post Facto* Clause of the United States Constitution. (Doc. 1 at pp. 1-3). On February 9, 2012, respondent filed a response to the petition for habeas corpus. (Docs. 9 & 10). In addition to the habeas petition with attached exhibits, the Petitioner filed a Traverse on February 22, 2012. (Doc. 11).

## I. STATE PROCEDURAL HISTORY.

Respondent provided a thorough procedural history in its response, which we will summarize here. Petitioner was arrested in 1974 for threatening children at knife point with the intent of kidnapping them for ransom. Petitioner was convicted of three counts of simple assault and one count of terroristic threats.

In 1975, after being released on parole, Petitioner was arrested and convicted of aggravated assault. Petitioner received a sentence of 11 ½ months to 23 months of incarceration. Petitioner was paroled on January 5, 1976. While on parole for the second time, Petitioner was arrested and convicted of raping and assaulting a woman in a Philadelphia subway station. He received a sentence of 2 to 4 years of incarceration, but was paroled on January 6, 1978. While on parole in 1980, Petitioner was arrested and convicted of involuntary deviant sexual intercourse, robbery, and simple assault. Petitioner received a total aggregated sentence of 21 to 42 years of incarceration.

On January 24, 2002, Petitioner was refused parole. (Doc. 9, Ex. 2). On May 22, 2003, the Board affirmed its decision to deny Petitioner parole. (*Id.* at Ex. 3). On December 29, 2004, the Court issued a memorandum and order in *Wendell Long v. Pennsylvania Board of Probation and Parole*, Civil No. 1:CV-04-0699, denying Petitioner's writ of habeas corpus on the Board's January 24, 2002 and May 22, 2003 decisions which was affirmed by the Third Circuit on April 25, 2007. ((*Id.* at Ex. 3).

On January 31, 2007, Petitioner was again refused parole. (*Id.* at Ex. 4). On February 2, 2009, the Court adopted the report and recommendation in *Wendell Long v. Pennsylvania Board of Probation and Parole*, Civil No. 3:CV-08-0943, denying Petitioner's writ of habeas corpus on the

Board's January 31, 2007 decision. (*Id.* at Ex. 7). The Third Circuit denied Petitioner's request for a certificate of appealability on the *Wendell Long v. Pennsylvania Board of Probation and Parole*, Civil No. 3:CV-08-0943, judgment of the Court. (*Id.* at Ex. 8).

On March 29, 2010, Petitioner was again denied parole. (*Id.* at Ex. 9). The Board gave the following reasons for its decision: Petitioner's unacceptable compliance with prescribed institutional programs, the level of risk to the community, the negative recommendation made by the department of corrections, the refusal to accept responsibility for the offenses committed, the negative recommendation made by the trial judge and the negative recommendation made by the prosecuting attorney. (*Id.*). The Board informed the Petitioner that it would consider him for parole again in or after January 2013, or earlier if recommended by the Department of Corrections. (*Id.*). The Board also informed the Petitioner of the factors it would consider at that time:

> Whether [the Petitioner has] successfully participated in a treatment program for: sex offenders.
> Whether [the Petitioner has] received a favorable recommendation for parole from the Department of Corrections.
> Whether [the Petitioner has] maintained a clear conduct record.

(*Id.* at p. 2).

On July 28, 2010, the Commonwealth Court of Pennsylvania dismissed Petitioner's appeal of the Board's March 29, 2010 decision. (Doc. 9, Ex. 10). On November 23, 2011, the Supreme Court of Pennsylvania affirmed the Commonwealth Court of Pennsylvania's dismissal. (*Id.* at Ex. 11). It is clear that the Petitioner exhausted his state court remedies regarding the claims in his habeas petition. Respondents argue that Petitioner's petition should be dismissed because it is a second or successive petition and because Petitioner is not in custody in violation of the laws or

treaties of the United States. (Doc. 10).

## III. DISCUSSION.

### A. Whether the petition should be dismissed because it is a second or successive petition.

Respondents argue that Petitioner previously litigated his ex post facto and due process claims in *Wendell Long v. Pennsylvania Board of Probation and Parole*, Civil No. 1:CV-04-0699 and *Wendell Long v. Pennsylvania Board of Probation and Parole*, Civil No. 3:CV-08-0943 and nothing new has been presented to the Court other than the fact that he has been denied parole again. (Doc. 10 at p. 6).

Under 28 U.S.C. A. § 2244(b)(i), "a claim presented in second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed." *(Id.)*. Petitioner challenges the Board's decision to deny parole because the Board used an "undefined standard" in violation of his right to due process and used post-1996 parole criteria in violation of the *Ex Post Facto* Clause of the United States Constitution. (Doc. 1 at pp. 1-3). We agree with Respondents. Petitioner's arguments are essentially the same as those he made in *Wendell Long v. Pennsylvania Board of Probation and Parole*, Civil No. 1:CV-04-0699 and *Wendell Long v. Pennsylvania Board of Probation and Parole*, Civil No. 3:CV-08-0943 which were denied by the Court. Petitioner does not raise any new claim other than the fact that he has been denied parole once again. Petitioner does not address the issue raised by Respondents of his petition being considered a second or successive petition in his Traverse.

As discussed above, we agree with Respondents that Petitioner's petition is a second or successive petition. Nonetheless, we also agree with Respondents that Petitioner's *Ex Post Facto*

and due process claims lack merit.

### B. Whether the Board's Decision Violates the Ex Post Facto Clause.

As mentioned earlier, Petitioner claims that the Board used post-1996 parole criteria in violation of the *Ex Post Facto* Clause in its March 2010 decision to deny parole. The Board listed its reasons for denying parole: Petitioner's unacceptable compliance with prescribed institutional programs, the level of risk to the community, the negative recommendation made by the department of corrections, the refusal to accept responsibility for the offenses committed, the negative recommendation made by the trial judge and the negative recommendation made by the prosecuting attorney. (Doc. 9, Ex. 9). Respondent argues Petitioner cannot show that the criteria applied by the Board during the March 2010 parole review was different than that which would have been considered prior to 1996, nor can he show that he would have been paroled in a pre-1996 context. (Doc. 10 at pp. 6-7). Furthermore, Petitioner "does not point to anything that remotely suggests he was individually disadvantaged by the 1996 Amendments to the Parole Act." Therefore, Respondent argues, Petitioner has not shown that the Board's decision violates the *Ex Post Facto* clause and his habeas petition must be denied. (Doc. 9 at 8). We agree with respondent.

As the Court in *Parker v. Kelchner* noted, "the 1996 Amendments had changed the substantive criteria for parole in Pennsylvania and that a Petitioner who could demonstrate individual disadvantage from retroactive application of the 1996 Amendments could prevail on an ex *post facto* claim." 429 F.3d 58, at 64, n.5 (3d Cir. 2005). Thus, the 1996 Amendments to the Pennsylvania Parole Act are a substantive change in the parole requirements for Pennsylvania

inmates and can violate the *Ex Post Facto* clause if an inmate can demonstrate that, as applied to him, created "a significant risk of prolonging his incarceration." *Id*.

To make a successful *Ex Post Facto* claim, a Petitioner must show (1) that there has been a change in law or policy which has been given retrospective effect and (2) that its retrospective application to the Petitioner created a real risk of increasing the measure of punishment. *See Richardson v. PA Bd. Of Probation and Parole*, 423 F.3d 282, 288 (3d Cir. 2005).

In *Shaffer v. Myers*, Petitioner Shaffer was denied parole three times "not because a more stringent standard in evaluating parole has been applied in his case, but because of his repeated refusal to participate in a rehabilitative prison program." 163 Fed. Appx. 111, 113 (3d Cir. 2006)(Not Precedential). To warrant habeas relief, a Petitioner must show that the Board used the new standards, retroactively applied, in denying him parole, as well as some evidence of disadvantage. *Richardson*, 423 F.3d at 291-93. In *Shaffer*, the Court noted that,

> *Prima facie* it does not seem likely that the criteria cited by the Board in Shaffer's case - participating in a treatment program for sex offenders, the recommendation of the Department of Corrections, Shaffer's conduct record and whether he completed any prescribed programs - would not have been considered by the Board pre-amendment, and Shaffer cites no evidence to persuade us otherwise. But even if we assume that the Board would have used different criteria pre-amendment, Shaffer has not provided adequate reasons to support the contention that application of those criteria would likely have resulted in his release on parole.

*Shaffer*, 163 Fed. Appx. at 114.

Petitioner in the present case has not provided any evidence to meet either prong of the *Ex Post Facto* test articulated in *Richardson*. As in *Shaffer*, we find that the Board did not use new criteria from the 1996 amendments in its March 2010 decision to deny Petitioner parole. In fact,

6

the Board in the present case used some of the same criteria that the Board used in Petitioner Shaffer's case, *i.e.*, participation and successful completion of a sex offenders treatment program and the recommendation of the Department of Corrections. In addition, Petitioner has not shown that the use of any 1996 amendments in his parole review caused him disadvantage that resulted in the denial of his parole.

We recommend that Petitioner's claim that the Board's decision to deny him parole violated the *Ex Post Facto* clause of the United States Constitution be denied.

### C. Whether the Board's Decision Violates the Petitioner's Right to Procedural and Substantive Due Process.

Petitioner claims that the Board denied him due process.  (Doc. 1 at pp. 1-2).  The Fourteenth Amendment Due Process Clause provides that no state shall "deprive any person of life, liberty, or property, without due process of law."  Procedural due process is violated only if the inmate has a liberty interest in parole.  "There is no constitutional or inherent right of a convicted person to be conditionally released before expiration of a valid sentence."  *Greenholtz v. Inmates of Neb. Penal and Corr. Complex*, 442 U.S. 1, 7 (1979).  States may create liberty interests in parole protected by the due process clause; however, Pennsylvania has not done so.  *See Coady v. Vaughn*, 770 A.2d 287, 291 (Pa. 2001)("a denial of parole does not implicate a constitutionally protected liberty interest").  An inmate is entitled only to consideration for parole.  *See Rodgers v. Parole Agent SCI-Frackville*, 916 F. Supp. 474, 476 (E.D. Pa. 1996)("[T]he 14th amendment does not provide that every prisoner has a right to be paroled, or that *any* expectation of parole is a constitutionally protected liberty interest.").

Since there is no liberty interest in parole, we recommend that Petitioner's procedural due process claim be dismissed.

Petitioner also claims that the Board violated his right to substantive due process. (Doc. 1 at pp. 1-2). While an inmate does not have a liberty interest in parole, the Board may not arbitrarily deny parole on the basis of impermissible criteria such as race, religion or the exercise of free speech rights, or on criteria with no rational relationship to the purpose of parole. *Block v. Potter*, 631 F.2d 233, 236-37 (3d Cir. 1980).

Petitioner contends that the Board's decision was arbitrary, capricious and based on an impermissible standard. (Doc. 1 at p. 3). Petitioner claims that the board denied him due process by denying him parole based on the "undefined standard" of "the fair administration of justice can not be achieved through [Petitioner's] release on parole." (*Id*. at p. 2). Specifically, Petitioner claims that the Board denied him parole based upon his failure to complete a treatment program for sex offenders where he must take responsibility for his crimes. (*Id*. at p. 7). Petitioner has maintained his innocence since his conviction and argues that his parole should not be conditioned on his attending a program that requires him to confess to crimes he has not committed. (Doc 1 at p. 8).

The Board did not deny Petitioner parole on the basis of impermissible criteria or undefined standards. The reasons set forth by the Board in its decision denying parole were the Petitioner's unacceptable compliance with prescribed institutional programs, the level of risk to the community, the negative recommendation made by the department of corrections, the refusal to accept responsibility for the offenses committed, the negative recommendation made by the trial judge

8

and the negative recommendation made by the prosecuting attorney. (Doc. 9, Ex. 9). These are permissible criteria for the Board to consider.

It was also permissible for the Board to indicate that it will consider at Petitioner's next review whether Petitioner has completed a treatment program for sex offenders. *See generally McKune v. Lile*, 536 U.S. 24, 33(2002)("When convicted sex offenders reenter society, they are much more likely than any other type of offender to be rearrested for a new rape or sexual assault . . .[s]tates thus have a vital interest in rehabilitating convicted sex offenders."). It was within the Board's discretion to determine that Petitioner should complete a treatment program for sex offenders.

The Board's decision was not arbitrary, capricious and based on an impermissible standard. See *Coady*, 770 A.2d at 487 ("[F]ederal courts are not authorized by the due process clause to second-guess parole boards and the requirements of substantive due process are met if there is some basis for the challenged decision."). We recommend that Petitioner's substantive due process claim be dismissed.

**III. RECOMMENDATION.**

Based upon the foregoing, it is respectfully recommended that the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) be **DENIED**.


        **s/ Thomas M. Blewitt**
        **THOMAS M. BLEWITT**
        **United States Magistrate Judge**

**Dated: May 14, 2012**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WENDELL LONG, | : | CIVIL ACTION NO. **1:11-CV-2347** |
| Petitioner | : | (Judge Caldwell) |
| v. | : | (Magistrate Judge Blewitt) |
| PENNSYLVANIA BOARD OF PROBATION AND PAROLE, et al. | : | |
| Respondents | : | |

## **NOTICE**

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **May 14, 2012.**

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within ten (10) days after being served with a copy thereof.  Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  The briefing requirements set forth in Local Rule 72.2 shall apply.  A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the

11

magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

               s/ Thomas M. Blewitt
               **THOMAS M. BLEWITT**
               **United States Magistrate Judge**

**Dated: May 14, 2012**